## ELIZABETH MILLER v. DAVILLA SNYDER.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
OF LEBANON COUNTY.

Argued February 17, 1890—Decided March 3, 1890.

1. Under § 2, act of April 15, 1845, P. L. 459, before an attachment-
execution may be issued upon a judgment recovered before an alder-
man or justice of the peace, an execution must issue and be returned
nulla bona, as a prerequisite.
2. Whether, after such execution and such return thereof, a transcript of
the judgment may be taken and filed with a magistrate of another
county, and an attachment-execution issued from a judgment entered
thereon by the latter, not decided.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS and MITCHELL, JJ.

No. 382 January Term 1889, Sup. Ct.; court below, No.
192 September Term 1887, C. P.

To the number and term of the court below, an appeal was
entered from the judgment of a justice of the peace in favor
of Elizabeth Miller against Davilla Snyder, the appeal having
been taken by the defendant in the judgment.    Issue.

At the trial on May 23, 1888, the case made to appear was
as follows: Elizabeth Miller, the plaintiff in the present ac-
tion, resided in Lebanon county, where suit was brought
against her and judgment obtained by one G. F. M. Rick.
After the judgment was entered, and without an execution
and a return thereon of nulla bona, the plaintiff Rick caused
a transcript to be filed with a justice of the peace of Berks
county, who then issued an execution which was returned

nulla bona. This was followed by an attachment-execution, which was served upon Davilla Snyder, the defendant in the present suit, as garnishee, Elizabeth Miller, the defendant in the judgment, not being served. Judgment in the attachment having been entered against Snyder, on his answers to interrogatories filed, the amount thereof was paid by him. Afterward, Elizabeth Miller brought this suit against Snyder, in Lebanon county, alleging that the garnishee was not discharged by the payment of the judgment in the attachment proceedings in Berks county.

The original indebtedness of the defendant in the present suit having been shown, the court directed the jury to render a verdict for the plaintiff for $102.03, subject to the question of law reserved fully appearing in the opinion subsequently filed, SIMONTON, P. J.:

This case turns on a very narrow point, and one which will not be at rest until it has been settled by the court of last resort. It is, as stated in the reserved question, " whether, it being the fact that the defendant in the original judgment was a resident of Lebanon county, and a transcript having been taken from the docket of the justice in Lebanon county who rendered a judgment against her, and an attachment-execution having been issued thereon by the justice of Berks county, where the defendant did not reside, the justice in Berks county had jurisdiction to render any judgment in the case."

By § 1, act of April 15, 1845, P. L. 459, it is enacted that " the jurisdiction of aldermen and justices of the peace is hereby extended to the issuing, service, trial, judgment and execution of all process required by the thirty-second, thirty-third, thirty-fourth, thirty-fifth, thirty-sixth, thirty-seventh and thirty-eighth sections of the act relating to executions, passed the 16th day of June, 1836."

The act of April 29, 1844, P. L. 512, provides that proceedings under §§ 35 and 36 of the act of 1836 shall be valid without service of the writ on the defendant, in case he reside out of the county; and § 4, act of March 20, 1845, P. L. 189, repeals so much of § 36 of the act of 1836 as requires service of the attachment on any defendant, "except where the defendant is a resident of the county in which attachment is issued." These

Opinion of Court below.

acts were held in Hains v. Viereck, 2 Phila. 40, to require
service to be made upon the defendant, if he resided or could
be found in the county in which the execution was issued;
but it was clearly the opinion of the learned judge who decided
that case that the acts above cited placed attachment-executions
issued by a justice of the peace on the same footing as those
issued from a court of record.

It might, therefore, seem the proper conclusion that, as the
defendant need not be served if he does not reside in the county,
the attachment execution might be issued in any county in the
state.   But, as stated in Hintermeister v. Ithaca Organ Co., 1
Pa. C. C. R. 268, the question of jurisdiction still remains.   If
the justice has jurisdiction, the execution may issue and be
valid without service on defendant.   But the jurisdiction being
statutory, we must find it conferred, if it exists, in the words of
the statute, which are, "any alderman or justice of the peace,
before whom any judgment remains unsatisfied, and an execu-
tion has returned no goods, may, on the application of the
plaintiff, and his compliance with the requisitions of the act to
which this is a supplement, issue an attachment in the nature
of an execution, as therein provided, to levy upon stock, debts
and deposits of money belonging, or due to the defendant, in
satisfaction of said judgment:" Section 2, act of April 15, 1845,
P. L. 459.

This seems to limit the jurisdiction to the justice "before
whom" the judgment has been recovered, or at least by whom
the "execution has been issued and returned no goods."   But
we think an execution cannot legally be issued in a county
where the defendant does not reside or cannot be found, for
§ 12, act of March 20, 1810, 5 Sm. L. 167, requires the execu-
tion to be directed to the "constable of the ward, district or
township where the defendant resides, or the next constable
most convenient to the defendant," which has been held in
Clark v. Worley, 7 S. & R. 353, to mean, any constable of the
county.   Therefore, the justice of the county where defend-
ant does not reside, and cannot be found, cannot legally do
that which is necessary to give him jurisdiction to issue the
attachment-execution, and if issued without jurisdiction it is
of course void.

For this reason the motion to enter judgment non obstante

Opinion of the Court.

veredicto is overruled, and judgment is directed to be entered on the verdict.

—Judgment having been entered for the plaintiff on the verdict, the defendant took this appeal, assigning the order overruling the motion of defendant for judgment in his favor, non obstante veredicto, for error.

*Mr. Thomas H. Capp* (with him *Mr. George B. Schock*), for the appellant.

Counsel cited: Act of April 29, 1844, P. L. 512; Section 4, act of March 20, 1845, P. L. 189; Section 1, act of April 15, 1845, P. L. 459; Minnig v. King, 8 W. N. 342; Bartman v. Ensminger, 14 W. N. 530; Hintermeister v. Organ Co., 1 Pa. C. C. R. 268; McGlaughlin v. Shaffer, 3 Penny. 98.

*Mr. Bassler Boyer*, for the appellee.

Counsel cited: Section 17, act of March 20, 1810, 5 Sm. L. 169; Minnig v. King, 8 W. N. 342; Hintermeister v. Organ Co., 1 Pa. C. C. R. 268; Clark v. Worley, 7 S. & R. 353; Moore v. Risden, 3 Clark 409.

PER CURIAM:

The attachment in this case was issued by a justice of the peace of Berks county upon the transcript of a judgment obtained before a justice in Lebanon county. We need not discuss the effect of filing the transcript before the justice in Berks, as neither justice, as his docket stood, had the right to issue an attachment. The second section of the act of April 15, 1845, P. L. 459, enacts that "any alderman or justice of the peace, before whom any judgment remains unsatisfied, and an execution has returned no goods, may, on the application of the plaintiff, and his compliance with the requisitions of the act to which this is a supplement, issue an attachment in the nature of an execution, as therein provided, to levy upon stock, debts and deposits of money belonging, or due to the defendant, in satisfaction of said judgment." It will thus be seen that an execution, and a return thereto of "no goods," is a prerequisite to an attachment execution before a justice. Whatever might have been the plaintiff's right to take his transcript and use it in Berks county, he could not have had

an attachment in Lebanon county without this prerequisite; much less can he have an attachment upon his transcript in Berks county without it. The learned judge below committed no error in entering judgment upon the verdict.

Judgment affirmed.